UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,

        Plaintiff,

vs.

Case No. 07-CV-11953
HON. GEORGE CARAM STEEH

ASSET ACCEPTANCE CORP.,
SBC/AMERITECH, and
ALLTELL COMMUNICATIONS,

        Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (#2), AND DISMISSING CLAIMS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)

Plaintiff Michael Garrison, appearing pro per, filed a complaint and application to proceed without prepayment of fees on May 4, 2007. Consistent with plaintiff's accompanying affidavit, the court is persuaded plaintiff is unable to pay the fees associated with the filing of his complaint. Accordingly, plaintiff's application to proceed without the prepayment of fees, or in forma pauperis ("IFP"), is hereby GRANTED. See 28 U.S.C. § 1915(a)(1).

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this court is authorized to dismiss plaintiff's IFP claims upon determining that the claims fail to state a claim on which relief may be granted. Plaintiff alleges that defendants Asset Acceptance Corporation, SBC/Ameritech, and Alltell Communications failed to respond within 30 days to plaintiff's letters asking for itemized phone bills relative to debts the defendants reported owing to credit-reporting agencies TransUnion, Equifax, and Experian. Plaintiff's legal claims generally allege "THE DEFENDANTS HAVE WILLFULLY VIOLATED THE FAIR DEBT COLLECTIONS PRACTICES ACT, AS SET FORTH IN 15 U.S.C. § 1692 et. seq.," "THE DEFENDANTS

HAVE VIOLATED THE MICHIGAN DEBT COLLECTION PRACTICES ACT AS SET FORTH IN MCL 445.911 et seq.," and "THE DEFENDANTS HAVE VIOLATED THE MICHIGAN CONSUMER PROTECTION ACT AS SET FORTH IN MCL 445.903 et seq.." Plaintiff seeks $10,000.00 as against each defendant, invokes federal question jurisdiction over the federal Fair Debt Collections Practices Act (FDCPA) claim, and invokes supplemental jurisdiction over the remaining state law claims.

"[F]or the FDCPA to apply, the practice in question must constitute an attempt to collect a debt." DirecTV v. Cavanaugh, 321 F.Supp.2d 825, 836 (E.D. Mich. 2003). In determining whether a claim has been alleged on which relief may be granted, a court is not required to accept as true alleged legal conclusions or unwarranted factual inferences. Gregory v. Shelby County, Tenn., 220 F.3d 433, 446 (6th Cir. 2000); Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Plaintiff has not alleged that any of the defendants failed to respond to his written inquiries in an attempt to collect a debt, and merely makes the conclusionary allegation that the defendants' conduct violates the entire FDCPA. Plaintiff's federal FDCPA claim thus fails to state a claim on which relief may be granted. The court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims. See 28 U.S.C. § 1367(c)(3). Accordingly,

Plaintiff's claims are hereby DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1367(c)(3).

SO ORDERED.

Dated: May 9, 2007

                                                  s/George Caram Steeh
                                                  GEORGE CARAM STEEH
                                                  UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 9, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk