UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,

        Plaintiff,

vs.

Case No. 07-CV-11953
HON. GEORGE CARAM STEEH

ASSET ACCEPTANCE CORP.,
SBC/AMERITECH, and
ALLTELL COMMUNICATIONS,

        Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MAY 18, 2007 MOTION FOR RELIEF FROM JUDGMENT AND MOTION TO AMEND COMPLAINT (#4) AND DENYING AS MOOT PLAINTIFF'S SUBSEQUENT MAY 30, 2007 MOTION TO AMEND COMPLAINT

On May 9, 2007, pro se plaintiff Michael Garrison was granted in forma pauperis status under 28 U.S.C. § 1915(a)(1), and his claims were thereafter dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) as failing to state any claim on which relief could be granted. May 9, 2007 Order. Plaintiff alleged that defendants Asset Acceptance Corporation, SBC/Ameritech, and Alltell Communications failed to respond within 30 days to plaintiff's letters asking for itemized phone bills relative to debts the defendants had reported as owing to credit-reporting agencies TransUnion, Equifax, and Experian. The court found plaintiff failed to state an actionable federal FDCPA claim in the absence of an allegation that the defendants were attempting to collect a debt, DirecTV v. Cavanaugh, 321 F.Supp.2d 825, 836 (E.D. Mich. 2003), noting that the court was not required to accept as true alleged legal conclusions or unwarranted factual inferences. Gregory v. Shelby

County, Tenn., 220 F.3d 433, 446 (6th Cir. 2000); Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). The court declined to exercise supplemental jurisdiction over plaintiff's remaining state law claims. Plaintiff's motion for relief from judgment argues the court erred in dismissing his FDCPA claim, citing Frey v. Gangwish II, 970 F.2d 1516 (6th Cir. 1992) and Gradisher v. Check Enforcement Unit, Inc., 210 F.Supp.2d 907 (W.D. Mich. 2002).

The court construes plaintiff's motion for relief from judgment as a motion for reconsideration. Generally, and without restricting the court's discretion, the court will not grant a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been mislead but also show that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3).

Frey and Gradisher, relied upon by plaintiff, both involved defendants attempting to collect a debt. See Frey, 970 F.2d at 1517; Gradisher, 210 F.Supp.2d at 910-911. Plaintiff's allegations do not warrant an inference that the defendants here were attempting to collect when failing to respond to his letters. DirecTV, 321 F.Supp.2d at 836. The proposed conclusionary amended Counts as set forth in the May 18, 2007 motion are futile because, for the same reason, they would not survive a motion to dismiss. Foman v. Davis, 371 U.S. 178, 182 (1962); Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1041-42 (6th Cir. 1991); Head v. Jellico Hous. Auht., 870 F.2d 1117, 1124 (6th Cir. 1989). Plaintiff has failed to demonstrate the court palpably erred in dismissing his claims, and is not entitled to relief from the May 9, 2007 Order of dismissal. E.D. Mich. LR 7.1(g)(3).

2

Accordingly,

Plaintiff's May 18, 2007 motion for relief from judgment and motion to amend complaint is hereby DENIED. Plaintiff's subsequent May 30, 2007 motion to amend complaint is hereby DENIED as MOOT.

SO ORDERED.

Dated: June 7, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 7, 2007, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk